UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**MITCHELL PAUL MEYER**                                        **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 4:24-CV-118-JHM**

**DAVID MASSAMORE,** *et al.*                               **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on an initial review of Plaintiff Mitchell Paul Meyer's *pro se* civil-rights complaint [DN 1] pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss Plaintiff's claims.

### I.

Plaintiff is a pretrial detainee housed at the Hopkins County Jail. He names as Defendants Hopkins District Court Judge David Massamore; Department of Public Advocacy ("DPA") Attorney John Hancock; Assistant County Attorney Alexandrea Panarelli; DPA Supervisor James Chamberland; DPA Attorney Cirris Hatfield; DPA Supervisor Cheri Riddle; and Governor Andy Beshear. All Defendants are sued in their individual and official capacities. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his First and Third Amendment rights to the United States Constitution.

Plaintiff alleges that on June 13, 2024, he was detained and charged with a DUI first offense and booked at the Hopkins County Jail. Plaintiff states that as of the complaint date, he is still being detained in Hopkins County Jail on these charges. Plaintiff asserts that Defendants Massamore, Hancock, Panarelli, and Chamberland are responsible for his continued detention.

A review of *Commonwealth v. Meyer*, Case No. 24-T-01270 (Hopkins District Court), reflects that Plaintiff was arrested on June 13, 2024, and a $1,000 cash bond was set on June 14, 2024.[1]

Plaintiff further states that in November 2023, he was "detained for revocation on . . . case numbers 20CR94 & 19CR190" and Defendant Hatfield was appointed to represent him despite "Judge Spark['s ruling] that I had a conflict with [the DPA]." According to Plaintiff, "Judge Bishop ruled that I be released on [an] ankle monitor with work release." Plaintiff contends that despite the ruling, he remained in jail 84 more days, and that Defendant Hatfield failed to file the proper paperwork for him to be released. Plaintiff represents that Defendant Riddle, as Defendant Hatfield's supervisor, permitted DPA's representation of Plaintiff despite being aware of the conflict of interest. Plaintiff states that Defendant Beshear is named "in this suit because as Governor it is his responsibility to protect me and my rights."

Plaintiff seeks money damages, punitive damages, and injunctive relief in the form of "creating new [state] law to protect residents" and one "hour of Andy Beshears time, a pardon."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

---

[1] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims for Damages

Plaintiff sues each Defendant in his or her official capacity. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Defendants Massamore, Hancock, Panarelli, Chamberland, Hatfield, Riddle, and Beshear are state employees or officials. Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks damages from state employees in their official capacities, Plaintiff fails to allege cognizable claims under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against state employees or officers sued in their official capacities. *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Defendants for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### B. Official-Capacity Claims for Injunctive Relief

Plaintiff's demand for injunctive relief in the form of having a new state law enacted to protect residents and having one hour of Governor Beshear's time must be dismissed. While the Supreme Court in *Ex parte Young* recognizes that there is an exception to Eleventh Amendment immunity for actions for prospective relief to end a continuing violation of federal law, *Ex parte Young*, 209 U.S. 123, 155–56 (1908), the Court does not have the authority to grant the type of relief requested. Here, ordering these government officials to enact a new state law to protect its

citizens and ordering Governor Beshear to spend an hour with Plaintiff are not the types of prospective relief that fall within the *Ex parte Young* exception. *See, e.g., Block v. Canepa*, 74 F.4th 400 (6th Cir. 2023).

Furthermore, to the extent that Plaintiff wishes to challenge his state-court convictions or sentences by asking for release from imprisonment, he may only do so through a petition for writ of habeas corpus. "A state prisoner's immediate or speedier release from incarceration is available only under § 2254, not § 1983." *Sisson v. Commonwealth of Ky.*, No. 4:10CV-P7-M, 2010 WL 715840, at *2 (W.D. Ky. Feb. 24, 2010); *Faron v. Hardin Cnty. Att'y*, No. 3:18-CV-P228-RGJ, 2018 WL 6438366, at *2 (W.D. Ky. Dec. 7, 2018).

### C. Defendant Massamore

Plaintiff's claims against Defendant Massamore are subject to dismissal because judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)). Thus, because Plaintiff's complaint pertains only to actions or inactions taken by Defendant Massamore in his judicial capacity and within his jurisdictional authority, Plaintiff's individual-capacity claims against him are barred by judicial immunity.

### D. Defendant Panarelli

Plaintiff's individual-capacity claims against Defendant Panarelli are also subject to dismissal because "prosecutors acting in their roles as advocates, i.e., initiating and pursuing a criminal prosecution and presenting [their] case, enjoy absolute prosecutorial immunity." *Rust v. Larue Cnty. Det. Ctr.*, No. 3:21-CV-P332-DJH, 2021 WL 4976705, at *4 (W.D. Ky. Oct. 26, 2021) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003)). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g., Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (noting that prosecutorial immunity to knowingly using false testimony); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Therefore, the individual-capacity claims against Defendant Panarelli must also be dismissed.

### E. Defendants DPA Attorneys and Supervisors

Regarding Plaintiff's claims against Defendants Hancock, Chamberland, Hatfield, and Riddle, "it is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983." *Webb v. Ky. Dep't of Pub. Advoc.*, No. 5:17-CV-P81-TBR, 2017 WL 3441082, at *2 (W.D. Ky. Aug. 9, 2017) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").

Furthermore, in as much as Defendants Chamberland and Riddle were acting solely in their roles as supervisors, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, because the doctrine of *respondeat superior* does not apply in § 1983 actions, Plaintiff's claims against Defendants Chamberland and Riddle would also fail for this reason.

Thus, Plaintiff's claims against Defendants Hancock, Chamberland, Hatfield, and Riddle must be dismissed for failure to state a claim upon which relief may be granted.

### F. Governor Beshear

Plaintiff alleges that Defendant Beshear is named "in this suit because as Governor it is his responsibility to protect me and my rights." Plaintiff alleges no personal involvement of Defendant Beshear. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original)). As stated above, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Taylor*, 69 F.3d at 80–81; *Bellamy*, 729 F.2d at 421. Plaintiff makes no allegations of personal involvement in the alleged events by Defendant Beshear.

Furthermore, in as much as Plaintiff is requesting Governor Beshear grant him a pardon, Plaintiff has no constitutionally protected right to receive a pardon. *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981); *Church v. State of Tenn.*, 872 F.2d 1024

(6th Cir. 1989); *Burnett v. Fallin*, 785 F. App'x 546, 553 (10th Cir. 2019) ("But neither [plaintiff] nor any other prisoner has a constitutional right to receive clemency, a pardon, or parole.").

Therefore, the individual-capacity claim against Defendant Beshear will be dismissed for failure to state a claim upon which relief may be granted.

### IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: March 3, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.014